UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ADBUL H. ABDULLAH,

                        Plaintiff,

-against-

28TH PRECINCT; SERGEANT SEYED N. HUDA; P.O. CARLOS M. GRACIA,

                        Defendants.

24-CV-0139 (JPO)

SECOND CORRECTED ORDER OF SERVICE

---

J. PAUL OETKEN, United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants falsely imprisoned him. By order dated January 9, 2024, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court substitutes the City of New York for Defendant 28th Precinct and directs service on Defendants City of New York, Sergeant Seyed N. Huda, and Officer Carlos M. Gracia.

**STANDARD OF REVIEW**

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.     28th Precinct**

By order dated January 29, 2024, Chief Judge Swain dismissed the 28th Precinct from this action and granted Plaintiff leave to add the City of New York as a defendant in any amended complaint that he filed. (ECF 4.) In the amended complaint, Plaintiff again names the 28th Precinct.[1] Accordingly, the Court dismisses the claims brought against the 28th Precinct because a precinct is not an entity that has the capacity to be sued. *See Orraca v. City of New York*, 897 F. Supp. 148, 152 (S.D.N.Y. Sept. 8, 1995) ("[T]he 25th Precinct is a subdivision of the Police Department without the capacity to be sued."). To the extent the Court were to construe the claims against the precinct as brought against the New York City Police Department ("NYPD"), such claims also must be dismissed because the NYPD cannot be sued, pursuant to the New York City Charter. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.").

**B.     City of New York**

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace 28th Precinct with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

---

[1] According to the docket in this case, Plaintiff filed his amended complaint before the January 29, 2024 order was mailed to him.

C. **Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants City of New York, Sergeant Huda, and Officer Gracia through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the amended complaint until the Court reviewed the amended complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

## CONCLUSION

The Court dismisses Plaintiff's claims against 28th Precinct because it does have the capacity to be sued. The Clerk of Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is further instructed to issue summonses for the City of New York, Sergeant Seyed N. Huda, and Officer Carlos M. Gracia, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service. The Clerk of Court also is directed to mail Plaintiff an information package.

Plaintiff may receive court documents by email by completing the attached form, [Consent to Electronic Service](#).[3]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 23, 2024
         New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[3] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

**DEFENDANTS AND SERVICE ADDRESSES**

1. City of New York
   New York City Law Department
   100 Church Street
   New York, NY 10007

2. Sergeant Seyed N. Huda, #347088
   84th Precinct
   301 Gold Street
   Brooklyn, NY 11201

3. Officer Carlos M. Gracia, #959650
   28th Precinct
   2271-89 Frederick Douglass Blvd.
   New York, NY 10027