UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABDUL H. ABDULLAH,
Plaintiff,

-v-

SERGEANT SEYED N. HUDA, *et al.*,
Defendants.

24-CV-139 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Abdul H. Abdullah, proceeding *pro se* and *in forma pauperis*, commenced this action on January 2, 2024. (ECF No. 1; ECF No. 3.) Plaintiff failed to respond to interrogatories and requests for production of documents served by the City of New York, Carlos M. Garcia, and Seyed N. Huda (collectively, "Defendants"), despite Magistrate Judge Willis's ordering Plaintiff to do so and warning that failure to comply could result in dismissal of the case. (ECF No. 35.) On October 20, 2025, Magistrate Judge Willis issued a Report and Recommendation ("R&R") suggesting that this Court grant Defendants' unopposed motion to dismiss the complaint pursuant to Rules 41(b) and 37(b)(2) of the Federal Rules of Civil Procedure. (ECF No. 52.) On November 24, 2025, the Court fully adopted Magistrate Judge Willis's R&R and dismissed this action without prejudice pursuant to Rules 41(b) and 37(b)(2). (ECF No. 53.)

On April 7, 2026, Plaintiff filed a "Notice of Refiling," seeking to reinstate his civil rights claims against Defendants. (ECF No. 56.) The Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up). Accordingly, the Court will construe Plaintiff's Notice of Refiling as a motion to reopen the above-captioned matter.

However, the motion to reopen fails to explain or even acknowledge Plaintiff's failure to prosecute this action and his failure to comply with Magistrate Judge Willis's express directives. The Court therefore directs Plaintiff to file, within 28 days of this Order, a submission explaining Plaintiff's failure to comply with Magistrate Judge Willis's order "to provide adequate answers to Defendants' interrogatories and requests for documents" (ECF No. 35 at 1); Plaintiff's decision to file interrogatory answers that were unresponsive to the interrogatories that Defendants filed (ECF No. 39 at 1); Plaintiff's failure to respond to Defendants' motion to dismiss (ECF No. 47) and Plaintiff's failure to object to Judge Willis's R&R recommending that Plaintiff's action be dismissed (ECF No. 52). Additionally, the Court directs Plaintiff to explain why these failures were not undertaken with "willfulness, bad faith, or reasonably serious fault." *Romano v. Laskowski*, No. 22-1896, 2024 WL 4635227, at *4 (2d Cir. Oct. 31, 2024) (summary order) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014)).

Plaintiff is advised that failure to file a timely submission would lead to serious consequences for the civil rights claims raised in his amended complaint. Dismissal without prejudice in this case operates, in effect, as a dismissal with prejudice because the statute of limitations for Plaintiff's civil rights claims has elapsed.[1] *See Romano*, 2024 WL 4635227, at *4 ("We have treated a dismissal without prejudice as akin to a dismissal with prejudice where 'the statute of limitations has run on most, if not all, of [the plaintiff's] various causes of action.'" (quoting *Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004))).

[1] The applicable statute of limitations for Plaintiff's civil rights claim under 42 U.S.C. § 1983 is three years, *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009), and the dismissal of Plaintiff's complaint without prejudice would not toll the limitations period, *Jewell v. Cnty. of Nassau*, 917 F.2d 738, 740-41 (2d Cir. 1990). Thus, because Plaintiff's amended complaint alleges incidents that occurred on October 21, 2022 (ECF No. 5 at 4), dismissal of Plaintiff's claims renders Plaintiff's claims time-barred.

If Plaintiff files such a submission to the Court within 28 days of this Order, the Court directs Defendants to respond to Plaintiff's submission responding to Plaintiff's arguments on the issues outlined above within 14 days of the filing of Plaintiff's submission.

SO ORDERED.

Dated: July 21, 2026
New York, New York

J. PAUL OETKEN
United States District Judge