UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABDUL H. ABDULLAH,
Plaintiff,

-v-

SERGEANT SEYED N. HUDA, *et al.*,
Defendants.

24-CV-139 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Before the Court is Plaintiff Abdul H. Abdullah's motion to reopen the above-captioned matter.[1] (ECF No. 56.) Because the Court concludes that Abdullah's failure to prosecute the case was made with reasonably serious fault and lesser sanctions than dismissal would be futile, the Court denies Abdullah's motion to reopen.

Plaintiff Abdul H. Abdullah, proceeding *pro se* and *in forma pauperis*, commenced this action on January 2, 2024. (ECF Nos. 1, 3.) Abdullah failed to respond to discovery requests served by the City of New York, Carlos M. Garcia, and Seyed N. Huda (collectively, "Defendants"), despite Magistrate Judge Willis's ordering Plaintiff to do so and warning that failure to comply could result in dismissal of the case. (ECF Nos. 35, 42, 48-1.) On October 20, 2025, Judge Willis issued a Report and Recommendation ("R&R") suggesting that this Court grant Defendants' unopposed motion to dismiss the complaint pursuant to Rules 41(b) and 37(b)(2) of the Federal Rules of Civil Procedure. (ECF No. 52.) On November 24, 2025, the

[1] Abdullah styled his pleading as a "Notice of Refiling." (ECF No. 56.) In light of the Court's obligation to construe *pro se* pleadings liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the Court construes Abdullah's pleading as a motion to reopen the case. (*See* ECF No. 58 at 1.)

Court fully adopted Magistrate Judge Willis's R&R and dismissed this action pursuant to Rules 41(b) and 37(b)(2). (ECF No. 53.)

On April 7, 2026, Abdullah filed a motion to reopen the case, seeking to reinstate his civil rights claims against Defendants. (ECF No. 56.) Because the motion to reopen failed to even acknowledge Abdullah's failure to prosecute or his failure to comply with Magistrate Judge Willis's express directives, this Court ordered Abdullah to file a submission explaining such failures. (*See* ECF No. 58 at 2.) Because the statute of limitations on Abdullah's claims elapsed since the filing of this action, dismissal of his claims for failure to prosecute would effectively constitute dismissal with prejudice. *See Romano v. Laskowski*, No. 22-1896, 2024 WL 4635227, at *4 (2d Cir. Oct. 31, 2024) (summary order). Accordingly, the Court also directed Abdullah to explain why his various failures were not undertaken with "willfulness, bad faith, or reasonably serious fault." (ECF No. 58 at 2 (quoting *Romano*, 2024 WL 4635227, at *4 (quoting *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014))).)

On August 4, 2026, Abdullah filed a one-page letter, which acknowledged his prior failures in litigating his case. (ECF No. 59.) Abdullah contended that his failures in prosecuting the case and complying with Judge Willis's unambiguous, express directives were "not intentional, willful, or made in bad faith" but rather the product of "misunderstanding, confusion concerning the litigation process, and the challenges associated with proceeding without counsel." (*Id.*) On August 20, 2026, Defendants filed a letter opposing the motion to reopen, arguing, *inter alia*, that reopening the case would impose undue hardship on Defendants by forcing them to relitigate issues pertaining to Abdullah's tardy, nonresponsive discovery responses. (ECF No. 60 at 2.)

The Court appreciates that the legal system is daunting for *pro se* litigants. However, the record is replete with instances in which Abdullah failed to comply not only with the procedures mandated under the Federal Rules, but with Judge Willis's explicit directives and warnings. (*See* ECF No. 52 at 2-6 (collecting instances).) For example, Abdullah elected to serve discovery responses unresponsive to Defendants' actual requests multiple times, both before and after Judge Willis granted a motion to compel for Abdullah's earlier set of unresponsive discovery responses. (*See* ECF Nos. 33, 35, 36, 38, 39, 43.) Abdullah then failed to file an opposition or any kind of response to Defendants' motion to dismiss for failure to prosecute. (*See* ECF No. 52 at 6.)

The Court concludes that Abdullah's repeated decisions to ignore Defendants' actual discovery requests and defy Judge Willis's instructions evince reasonably serious fault, if not willfulness, such that dismissal—which would effectively operate as a dismissal with prejudice—is warranted. *See Recant v. Day*, No. 24-CV-4117, 2025 WL 2979015, at *6 (S.D.N.Y. Oct. 1, 2025) ("Even if there are some claims that . . . would be time barred . . . , Plaintiff's repeated failures to prosecute this case or to comply with Court orders reflect 'reasonably serious fault' if not willfulness, meaning that dismissal for failure to prosecute under Rule 41(b) is nevertheless appropriate." (quoting *Romano*, 2024 WL 4635227 at *4-5)).

The Court also concludes that no sanctions "less drastic than dismissal" would be effective. *Baptiste*, 768 F.3d at 216 (quotation marks omitted). As Judge Willis explained, monetary sanctions are unlikely to be effective given Abdullah's *in forma pauperis* status, issue-specific sanctions are unlikely to be effective given Abdullah's noncompliance with *all* discovery requests, and Abdullah's "continued defiance of court orders after being warned that the consequence of non-compliance is dismissal indicates that the lesser sanctions would be an

exercise in futility." (ECF No. 52 at 12 (quoting *Workneh v. Super Shuttle Int'l, Inc.*, No. 15-CV-3521, 2020 WL 3492000, at *10 (S.D.N.Y. June 8, 2020)) (quotation marks omitted).) While Judge Willis made her finding on the assumption that dismissal would be *without* prejudice, the Court relies on the same factual predicates to conclude that no lesser sanctions than dismissal *with* prejudice would be effective. *See Lopez v. Deacon*, No. 23-CV-7327, 2026 WL 880541, at *5 (S.D.N.Y. Mar. 31, 2026) ("[W]here a plaintiff fails to respond once threatened with dismissal, it is unlikely that a lesser sanction will result in reengagement in a matter." (quotation marks omitted)); *Barclay v. Doe*, 207 F. App'x 102, 104-05 (2d Cir. 2006) (summary order) (affirming dismissal with prejudice where *pro se* plaintiff "deliberately flouted the court's order").

Accordingly, Abdullah's motion to reopen the case is denied. This case shall remain closed.

SO ORDERED.

Dated: August 21, 2026
New York, New York

J. PAUL OETKEN
United States District Judge