UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABDUL H. ABDULLAH,
Plaintiff,

-v-

SERGEANT SEYED N. HUDA, *et al.*
Defendants.

24-CV-139 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Before the Court is Plaintiff Abdul H. Abdullah's motion for an extension of time to file a notice of appeal. (*See* ECF No. 65.) That motion is denied without prejudice.

A notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). However, "[t]he district court may extend the time to file a notice of appeal if the motion for an extension of time is filed within thirty days of the expiration of the time to file notice of appeal, and the moving party shows excusable neglect or good cause for untimely filing." *Carter v. Doe*, No. 24-CV-6182, 2025 WL 1084169, at *1 n.1 (S.D.N.Y. Mar. 28, 2025) (citing Fed. R. App. P. 4(a)(5)(A)).

Excusable neglect and good cause are "not interchangeable." *Alexander v. Saul*, 5 F.4th 139, 147 (2d Cir. 2021) (quotation marks omitted). The good cause analysis "applies in situations in which there is *no fault*—excusable or otherwise," while "[t]he excusable neglect standard "applies in situations in which there is fault." *Id.* (quotation marks omitted). In analyzing excusable neglect, courts consider "[1] the danger of prejudice to the non-movant, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.* at 148. The Second Circuit has "taken a hard line" in applying

those factors, such that "where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose." *Id.* (quoting *In re Enron Corp.*, 419 F.3d 115, 123 (2d Cir. 2005)).

Here, Abdullah seeks to appeal the Court's August 21, 2026 order denying his motion to reopen the case. (See ECF No. 61.) Under Rule 4(a)(1), Abdullah had thirty days from the entry of that order to file his notice of appeal, so his deadline to file the notice of appeal was September 21, 2026. *See* Fed. R. App. P. 4(a)(1)(A). Abdullah did not file his notice of appeal until October 6, 2026. (See ECF No. 66.) Thus, his notice of appeal was tardy. *See* Fed. R. App. P. 4(a)(1)(A).

Abdullah also filed a "Motion for Extension of Time to File Notice of Appeal" on October 6, 2026. (*See* ECF No. 65.) That motion was "filed within thirty days of the expiration of the time to file notice of appeal," so the Court could grant an extension if Abdullah "shows excusable neglect or good cause for untimely filing." *Carter*, 2025 WL 1084169, at *1 n.1. But Abdullah fails to demonstrate excusable neglect or good cause. The motion for an extension, which merely duplicates the notice of appeal, provides no reason or context for Abdullah's tardiness. (*See* ECF No. 65.) The lack of any rationale contextualizing Abdullah's tardiness precludes the Court from engaging in the analysis necessary to determine the propriety of granting an extension. *See* Fed. R. App. P. 4(a)(5)(A); *Alexander*, 5 F.4th at 148.

That said, the Court denies Abdullah's motion for an extension of time without prejudice, meaning that Abdullah may file another motion for an extension of time that provides the reasons for his untimeliness. The Court determines that denial without prejudice is appropriate in light of Abdullah's *pro se* status and the peculiar duplication of the notice of appeal and the motion for extension of time. (*Compare* ECF No. 65, *with* ECF No. 66.) Specifically, the

docket suggests may have Abdullah inadvertently re-filed his notice of appeal instead of filing his motion for an extension of time.

Importantly, Abdullah is warned that the Court may consider a renewed motion for extension of time only if Abdullah files it "within thirty days of the expiration of the time to file notice of appeal." *Carter*, 2025 WL 1084169, at *1 n.1; *see also* Fed. R. App. P. 4(a)(5). Because Abdullah's deadline to file his notice of appeal was September 21, 2026, he must file any renewed motion for an extension of time by October 20, 2026—thirty days later. Failure to do so will preclude this Court from entertaining any renewed motion for an extension of time. *See Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001) ("[T]he court may not extend this grace period unless a party so moves no later than 30 days after the expiration of the original time to file a notice of appeal under Rule 4(a)." (cleaned up)).

Accordingly, Abdullah's motion for an extension of time is DENIED without prejudice. Abdullah must file any renewed motion for an extension of time by October 20, 2026.

The Clerk of Court is directed to close the motion at ECF No. 65 and mail a copy of this Order to Abdullah.

SO ORDERED.

Dated: October 13, 2026
New York, New York

J. PAUL OETKEN
United States District Judge