UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABDUL H. ABDULLAH,
Plaintiff,

-v-

SERGEANT SEYED N. HUDA, *et al.*
Defendants.

24-CV-139 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Before the Court is Plaintiff Abdul H. Abdullah's motion for an extension of time to file a notice of appeal. (*See* ECF No. 65.) The Court previously denied that motion without prejudice because the docket entry for Abdullah's "Motion for Extension of Time to File Notice of Appeal" duplicated Abdullah's notice of appeal, suggesting to the Court that Abdullah inadvertently did not provide the reasons for his tardy notice of appeal. (*See generally* ECF No. 69; *see also* ECF Nos. 65, 66.)

However, since the Court's prior order, Abdullah's declaration in support of his motion for an extension was processed onto the docket. (*See* ECF No. 67.) In his declaration, Abdullah explains that his "failure to file the Notice of Appeal during the original appeal period resulted from [his] difficulty understanding the procedural requirements and deadlines governing post-judgment and appellate proceedings while representing [himself]." (*Id.* ¶ 11.) Abdullah asks this Court to conclude that these difficulties constitute excusable neglect and good cause and to grant his motion for an extension of time to file a notice of appeal. (*Id.* ¶ 13.)

As explained in the Court's prior order, Abdullah's motion was "filed within thirty days of the expiration of the time to file notice of appeal," so the Court may grant Abdullah an extension if he "shows excusable neglect or good cause for untimely filing." (*See* ECF No. 65 at

2 (quoting *Carter v. Doe*, No. 24-CV-6182, 2025 WL 1084169, at *1 n.1 (S.D.N.Y. Mar. 28, 2025)). Excusable neglect and good cause are "not interchangeable." *Alexander v. Saul*, 5 F.4th 139, 147 (2d Cir. 2021) (quotation marks omitted). Good cause exists "in situations where there is *no fault*—excusable or otherwise," while "[t]he excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant." *Id.* (quotation marks omitted). In analyzing excusable neglect, courts consider "[1] the danger of prejudice to the non-movant, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.* at 148. The Second Circuit has "taken a hard line" in applying those factors, such that "where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose." *Id.* (quoting *In re Enron Corp.*, 419 F.3d 115, 123 (2d Cir. 2005)).

Here, the Court concludes that Abdullah has not shown good cause or excusable neglect. At the outset, "the 'good cause' standard does not apply to [Abdullah's] situation because [his] failure to timely file a notice of appeal was not due to circumstances beyond [his] control." *Bradshaw v. City of New York*, No. 18-CV-8944, 2019 WL 6997969, at *2 (S.D.N.Y. Dec. 20, 2019). Specifically, Abdullah invokes the complexity of the post-judgment process for a *pro se* litigant as the rationale for his late notice of appeal. (*See* ECF No. 67 ¶ 11.) While those difficulties are understandable, Abdullah "could still have filed a notice of appeal within the 30-day time period," so his "circumstances" as a *pro se* litigant "can hardly constitute good cause." *Bradshaw*, 2019 WL 6997969, at *2.

Nor do the difficulties of complying with post-judgment procedure as a *pro se* litigant constitute excusable neglect. It is true that the first, second, and fourth excusable neglect factors weigh in favor of granting Abdullah's motion, as Defendants suffered minimal prejudice from the delay, the length of the delay was relatively short, and nothing in the record indicates that Abdullah acted in bad faith. The fact that these factors lean in favor of an extension is unsurprising. *See Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) ("In the typical case, the first two [excusable neglect] factors will favor the moving party . . . [a]nd rarely in the decided cases is the absence of good faith at issue.").

Critically, however, the third factor—the reason for Abdullah's delay—skews heavily against him because Abdullah "did not comply with the 'entirely clear' rule that [he] was required to notice [his] appeal within" thirty days of this Court's order denying his motion to reopen. *Alexander*, 5 F.4th at 148; *see also Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997) ("[F]ailure to follow the clear dictates of a court rule will generally not constitute such excusable neglect."). Because Abdullah's deficient reason for his late filing has "dispositive weight" under Rule 4(a)(5), the Court denies granting Abdullah an extension of time to file his notice of appeal.

The Court acknowledges that "a party's *pro se* status is relevant in determining whether there has been excusable neglect." *Aponte v. Liggett Grp.*, No. 13-CV-569, 2014 WL 2207995, at *2 (S.D.N.Y. May 23, 2014) (quotation marks omitted). But "proceeding *pro se* does not by itself excuse a litigant from complying with procedural rules." *Id.* (quotation marks omitted); *see also Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995) ("[*P*]*ro se* litigants generally are required to inform themselves regarding procedural rules."). Thus, while the Court is sympathetic to the

plight of *pro se* plaintiffs navigating the legal system, the Court cannot grant the requested extension when the sole rationale for doing so would be Abdullah's *pro se* status.

Accordingly, Abdullah's motion for an extension of time to file his notice of appeal is denied with prejudice. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to Abdullah.

SO ORDERED.

Dated: October 15, 2026
New York, New York

J. PAUL OETKEN
United States District Judge