UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABDUL H. ABDULLAH,
Plaintiff,

-v-

SERGEANT SEYED N. HUDA, *et al.*,
Defendants.

24-CV-139 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On October 30, 2026, Plaintiff Abdul H. Abdullah, proceeding *pro se*, filed a document requesting "written clarification of the relevant filing, mailing, and address records, including a copy of Document 76." (ECF No. 79 at 1.) As the Court understands, Abdullah requests clarification on the status of his motion for an extension of time to file his notice of appeal under Federal Rule of Appellate Procedure 4(a)(5). Accordingly, the Court summarizes the relevant docket entries for Abdullah's benefit below.

Abdullah filed a notice of appeal, a motion for an extension of time to file said notice of appeal, and supporting declarations with the reasons he argued that such an extension was warranted on October 9, 2026. (ECF Nos. 65, 66, 67, 68.) However, at the time that the Court wrote and subsequently issued its initial Order adjudicating Abdullah's motion for an extension of time, Abdullah's supporting declarations had not yet appeared on the docket. (*See generally* ECF No. 69.) Therefore, in the absence of the reasons supporting Abdullah's motion for an extension, the Court denied his motion without prejudice in order to give him the opportunity to explain why his notice of appeal was late and why an extension was warranted. (*Id.*)

After the issuance of that initial Order, Abdullah's supporting declarations, which explained that Abdullah's notice of appeal was late in large part due to his *pro se* status and lack

of familiarity with judicial procedures, were processed and appeared on the docket. (*See* ECF Nos. 67, 68.) While the Court is sympathetic to the difficulties of navigating the judicial system as a *pro se* litigant, such difficulties do not constitute the good faith or excusable neglect necessary for an extension of time under Rule 4(a)(5). Thus, the Court issued a second Order denying Abdullah's motion for an extension of time—this time, with prejudice—after the Court received Abdullah's declarations and rationales for his tardiness. (*See* ECF No. 70.)

Thereafter, Abdullah filed a renewed motion for an extension of time—understandably, given the Court's initial denial of his motion without prejudice—reiterating that Abdullah's tardiness was inadvertent and caused by his lack of familiarity with the judicial process. (*See* ECF No. 75.) Because this renewed motion duplicated the reasons in Abdullah's supporting declarations that the Court found deficient, the Court issued a text order denying Abdullah's renewed motion. (*See* ECF No. 76.) The full text of that text order reads: "For the reasons laid out by the Court's order at ECF No. 70, Abdullah's renewed motion for an extension of time to notice his appeal is denied. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal." (*Id.*)

In sum, the Court has denied with prejudice Abdullah's motion for an extension of time to file his notice of appeal because his various moving papers have not shown the requisite good faith or excusable neglect necessary to warrant relief under Rule 4(a)(5). (*See* ECF Nos. 70, 76.)

The Clerk of Court is directed to mail a copy of this Order to Abdullah.

SO ORDERED.

Dated: November 4, 2026
New York, New York

J. PAUL OETKEN
United States District Judge